# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS DANE YBARRA, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00814-W-DGK (Crim. No. 4:12-CR-00268-DGK-3) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR TRANSCRIPT, MOTION TO AMEND OR RECONSIDER THE SENTENCE, AND MOTION FOR SUMMARY JUDGMENT

In this case, the Movant seeks a writ of habeas corpus. The Court denied Movant Travis Ybarra's 28 U.S.C. § 2255 motion and declined to issue a certificate of appealability (Doc. 34). Now before the Court are Ybarra's pro se motion for transcript (Doc. 36), motion to amend or reconsider the Court's sentence (Doc. 37), and motion for summary judgment (Doc. 39), which the Court construes as a motion to amend or reconsider the sentence. Because Ybarra is not entitled to relief under § 2255, his motions are DENIED.

## Background

A jury convicted Movant of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h), and the Court sentenced him to thirty years' imprisonment and five years' supervised release. He appealed, and the Eighth Circuit affirmed his conviction, noting that "there was substantial evidence of [Movant's] guilt." *Ybarra v. United States*, 700 Fed. Appx. 543, 546 (8th Cir. 2017).

Movant then filed a motion to vacate his sentence[1] (Doc. 2) based on the alleged ineffective assistance of his trial counsel. Among other things, he argued that he turned down the plea offer and unsuccessfully tried his case on his attorney's advice. The Court appointed counsel to represent movant and held an evidentiary hearing to address this argument. *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015)

Movant appeared and testified, as did his attorney. The Court denied Movant's motion in a written order issued on August 16, 2019 (Doc. 34). Movant now requests the Court revisit its decision.

**Discussion**

First, Movant's motion for a transcript of the §2255 hearing is DENIED. The Court declined to issue a certificate of appealability, and Ybarra has not appealed. Thus, he has presented no valid reason for a copy of this transcript. Movant's motion for transcripts (Doc. 36) is DENIED.

Second, Movant's motion to amend or reconsider the sentence fails because it is a mere recitation of his prior arguments without demonstrating a manifest error of law or presenting newly discovered evidence. "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). They may not "be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Here, Movant relitigates issues already addressed in this Court's order (Doc. 34), and he fails demonstrate any manifest error of law or fact that the Court must correct. He also does not

---

[1] Movant requested leave to supplement his initial petition. The Court denied this request because at that time Movant was represented by an attorney. The Court has considered Movant's supplemental briefing in reaching the conclusions set forth in this order but finds that it does not change the result.

present any newly discovered evidence that justifies amending the Court's prior order. Thus, his motions motion to amend or reconsider the judgment (Docs. 37, 39) are DENIED.

**IT IS SO ORDERED.**

Dated: October 8, 2019                                   /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT